# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3773

———————

United States of America,

        Appellee,

v.

Ronald Gene Weaver,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Southern
\*  District of Iowa.
\*
\*      [UNPUBLISHED]
\*

———————

Submitted: May 13, 2008
Filed: July 28, 2008

———————

Before RILEY, BOWMAN, and HANSEN, Circuit Judges.

———————

PER CURIAM.

Ronald Gene Weaver (Weaver) appeals his conviction, after a jury trial, for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court[1] denied Weaver's motion for a new trial. We affirm.

Weaver stipulated to the existence of a previous felony conviction. On appeal, Weaver contends no reasonable jury could have found him guilty beyond a reasonable

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

doubt, because the evidence was insufficient to show Weaver possessed a firearm or ammunition as the government alleged. "In reviewing [Weaver's] challenge to the sufficiency of the evidence, we consider the record in the light most favorable to the verdict." United States v Tipton, 518 F.3d 591, 594 (8th Cir. 2008). "We inquire whether a jury reasonably could find proof beyond a reasonable doubt of the charged offenses." Id. (citation omitted).

Weaver claims no reasonable jury could find he possessed a firearm. Officer Kelly Evans testified he saw a thin black male wearing a white T-shirt fire a weapon. Officer Wade Wojewoda affirmed he "clearly observed the shooter get directly into [a Dodge] Durango and drive off." The police pursued the Durango at speeds over 100 miles-per-hour, never losing sight of the vehicle. After stopping the Durango, police found Weaver was the driver. Weaver is a thin black male and was wearing a white T-shirt when apprehended. Police did not discover a firearm on Weaver or in the Durango. We still conclude a reasonable jury could find Weaver was the person who fired the weapon and, thus, possessed the firearm. See United States v. Wells, 721 F.2d 1160, 1162 (8th Cir. 1983) (explaining, even if there are "other inferences that can be drawn from the evidence, [] we do not substitute our judgment for that of the jury . . . ." (citation omitted)).

Weaver also contends no reasonable jury could find he possessed the ammunition found in the Durango. Weaver's girlfriend, Shirell Smith (Smith), owned the Durango. Smith testified Weaver used the Durango and possessed his own set of keys for the vehicle. Smith further testified she owned no guns or ammunition and never had guns or ammunition in the Durango. Weaver was driving and was alone in the Durango when apprehended. This evidence, combined with the evidence Weaver had discharged a firearm before fleeing in the Durango, was sufficient for a reasonable jury to determine Weaver constructively possessed the ammunition. See United States v. Maloney, 466 F.3d 663, 666-67 (8th Cir. 2006) (explaining the requirements for finding constructive possession).

The judgment of the district court is affirmed.

_____

-2-